## C. W. Dameier v. W. A. Bayor.

1. SET-OFF—*Claims Must be in the Same Right.*--A claim against a partnership can not be set off against a debt due to a member of such firm, and the fact that the person contracting with the firm thought that it really contained only one person, is immaterial.

Assumpsit, on common and special counts. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

JOHN N. JEMISON, attorney for appellant.

W. H. CRAIG, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover for brick and stone sold by appellee to appellant, and also for the rent of lot 1425 Wabash avenue, for eleven months, at $25 per month.

In support of plaintiff's claim, on the trial below, the agreement regarding the sale of brick and stone was introduced. It is as follows:

" I hereby agree to purchase from W. A. Bayor a lot of

brick and rubble stone, delivered to 1429 Wabash avenue, for which I agree to pay at the rate of $5 per thousand for brick, and $8 per cord for stone—the amount of brick not to exceed 325 thousand, and stone not to exceed 107 cords.

C. W. DAMEIER."

As a set-off, appellant offered in evidence a written contract made by him with C. W. Dameier & Son, for doing the mason work of certain houses, claiming that there was due to him thereunder a considerable amount which should be set off against appellee's claim.

The claims are not in the same right. A claim against a partnership can not be set off against a debt due to a member of such firm.

That appellant did not know that C. W. Dameier & Son was a firm composed of two persons, is immaterial.

The judgment of the Superior Court is affirmed.